Good morning, ladies and gentlemen. We have four cases on the calendar this morning. Trade case, patent case, and two veterans cases. And the two veterans cases are being submitted on the briefs and therefore will not be argued. Our trade case is the first one to be argued. Tokyo Kikai Seisakusho v. Mitsubishi v. United States and Goss International, 2007-12-26. Ms. Lucy Mensah. May it please the Court. The United States respectfully requests that this Court reverse the erroneous decision of the Court of International Trade which held that the Department of Commerce does not have the authority to reopen the Sunset Review proceeding and reconsider its prior determination upon the discovery of fraud. First, the question of whether or not Commerce had the authority to reopen the Sunset Review proceeding was not right for review. And second, the Department of Commerce did have the authority to reopen and reconsider the Sunset Review proceeding because it had the inherent authority to reconsider any of its decisions where the statute did not prohibit it from doing so. And the Sunset Review statute does not prohibit Commerce from exercising its inherent authority. Can I start by asking you a question about the second issue before I go to the first some rightness, which is that I'm having a little trouble figuring out how we can find that Commerce had the authority to reopen the Sunset Review based on fraud. I mean, that was the argument, right? When the reason that the anti-dumping order was revoked had nothing to do with TKS or the fraud, right? That's not necessarily the case. That's an open question whether now technically the Sunset Review and the initial Sunset Review proceeding was terminated because the domestic petitioner, Goss, withdrew. Right. However, there is an open question about whether that was related to the fraud. So the only theory that the government has come up with thus far is that the only way there can be a nexus to the fraud is if the government could establish that Goss' situation was compelled by the fraud? That's not the only theory. The fraud at issue regarding a secret rebate offered to the Dow's Morning News was within the review period of the Sunset Review proceeding and therefore rendered the Sunset Review decision unreliable. And for this reason, we believe that Commerce had the authority to- Well, it only rendered it unreliable if there was some nexus between the fraud and the revocation of the anti-dumping order. And since the revocation was indisputably because Goss pulled out, then the only way you could establish the nexus was that the fraud in some way resulted in Goss' pulling out. Right? Well, certainly the results of the Sunset Review proceeding will determine whether or not the same result prevails. But given that there was very serious fraud, which is not disputed by TKS, within the review period, it's appropriate for Commerce to reconsider its decision because there is the possibility that it was tainted by fraud in this particular way that you've identified. If we agree with you that the case was not ripe for review, does the question of authority to reopen the Sunset Review moot? Well, it's certainly moot in that if the decision was not ripe at that time, then it should be reviewed at the end of the Sunset Review proceeding. We would still argue that- Which hasn't taken place. Correct. So it's moot here now. Yes. Okay. Thank you. With respect to the question of ripeness, Abbott dictates that this court must determine whether or not the issue was fit for judicial decision and whether or not to require one party to wait for judicial review would cause that party undue hardship. And both of these factors favor not finding that the issue was ripe for judicial review. First, on fitness for judicial decision, we consider whether or not it was a final agency action at issue. And Bennett provides the standard for determining whether agency action is final for these purposes. First, whether or not it marks the consummation of decision-making. And secondly, whether legal consequences flowed from the decision. I'll take the second first. The only consequence that flowed from the reopening of the Sunset Review proceeding was the fact that TKS was to participate in the reopened Sunset Review proceeding. I will note that TKS is challenging a statement of intent that was made at the end of a changed circumstances review, not even the actual reopening of the Sunset Review proceeding. Nevertheless, the fact that TKS might have to participate in the reopened Sunset Review proceeding is not enough to render the issue ripe for judicial review. In other words, the court shouldn't have been reviewing a proceeding that hadn't yet occurred. It's premature. Yes. But isn't this like a threshold jurisdictional issue? And aren't there circumstances in which there can be some review or appeal of a threshold jurisdictional issue? Those circumstances are not present here. Certainly, there are circumstances where a body might determine that it does not have jurisdiction and which ends the matter. And therefore, at that time, because there is no other time, the party may seek judicial review. Here, the proceeding is not complete. It had not even begun, actually, at the time that TKS sought to review it. But nevertheless, it was not complete. And therefore, this is more akin to a threshold determination that cannot be reviewed as opposed to a final determination. Would that be one of the bases upon which you would distinguish the Norsk case relied on by the other side? Exactly, because Norsk involves a reverse set of actual circumstances. And although the court indicated that one concern it had was that TKS might not be able to review, seek judicial review of the authority to reopen the Sunset Review proceeding later, that's not true. The very same court, the Court of International Trade, found in TKS 1 that the changed circumstances review, the question of authority to enter into the changed circumstances review, could be reviewed at the end of the changed circumstances review. Similarly, the Court of International Trade held in government of China that one may wait until the end of the proceeding and at that point, threshold determinations such as authority and jurisdiction can be reviewed at that time. So the court's concern that TKS would not be able to seek review later was unwarranted. With respect to the authority question, the Court of International Trade found that the Sunset Review statute requires that a order be in place. And therefore, for the Department of Commerce to reopen and reconsider the Sunset Review proceeding, where the order had already been revoked, was improper. However, the question when reopening and reconsidering is whether this was a decision that Commerce had the authority to take in the first place. And certainly at the time of the original Sunset Review proceeding, there was an order in place, and therefore Commerce could undertake the Sunset Review proceeding. Now, there is no longer an order in place, but that is by virtue, perhaps, of the fraud that was engaged by TKS. And the question is, the original determination, there was an order in place, and therefore Commerce's inherent authority still prevails. So what is the inquiry on reopening? Whether or not the fraud had any effect on the proceeding? No. The inquiry on reopening is the same inquiry as the original inquiry. Commerce is not in the business of investigating fraud, and therefore it simply seeks to reconsider its determination, again, in the absence of fraud. Now that fraud has been brought to light, so that its proceedings could be cleansed of the taint of fraud. But if Goss is no longer a participant, so on day two, after it's been reopened, it's over, right? I'm not clear on why we're here, I mean, sort of where we're going with this. Well, certainly the existence of Goss as a domestic petitioner, that was one of the reasons that the Court of International Trade relied on to say that the Department of Commerce could not reopen and reconsider. However, that's still an open, factual question, and it was not appropriate for the Court to make that factual finding. And therefore, Commerce should be allowed to exercise its inherent authority to determine what the outcome of the Sunset Review proceeding would be. One of the arguments that TKS makes is that, well, this would be a futile exercise. However, that's not the question when trying to determine whether or not Commerce has this authority. It's not whether or not the exercise would be futile or not, or trying to divine what the outcome would be. The question is, does it have this inherent authority? Well, let me ask you, hypothetically, maybe I'm misunderstanding this. Let's assume Goss' situation has changed, currently, or is about to change, so that it could be a player in the Sunset Review if a do-over were allowed. But the change of its circumstance has nothing to do, has no relationship, to the fraud that occurred. Are you saying that the government kind of gets a do-over for reasons that aren't related to the fraud, simply because they're using the fraud as a way to get in? No. At this point, because the Sunset Review proceeding is not complete, we do not know what the final results of it would be. However, it is clear that it is a reopening of the original Sunset Review determination and not a new Sunset Review determination. So it's not that the government is seeking an opportunity to engage in a second Sunset Review. This is indeed a reopening of the original Sunset Review, which may have been tainted by fraud. And I understand the Court's concern about what the practical effects would be, but this sort of relates to the question of why this is not right. In the absence of the completed Sunset Review determination, it's difficult to determine what the outcome would be, and that bears upon the question of the authority. Do I understand that you, number one, want to obtain some time for rebuttal, and number two, are going to share some time with Mr. Shane? Yes, thank you very much. Okay. And you represent Goss, the domestic party. Exactly. Thank you, Your Honor. I'm Jack Shane, a wide-armer on behalf of Goss International. We agree with the government's position on the issue of whether Congress has the authority to reopen the Sunset Proceeding. It was not right for a judicial review, but in the interest of time, I'm going to focus my brief comments on why the Court's decision that Congress did not have the authority to proceed with the Sunset Review was incorrect. In its opinion, the Court correctly noted that Congress, like other federal agencies, has the ability to reopen proceedings, and in particular can do so where those proceedings may be tainted by fraud. The Court, however, then concludes, because purportedly Congress doesn't have the ability to change the outcome of this Sunset Review, that it cannot reopen the proceeding, and it posits three reasons for this. First, it concludes that the Sunset Review cannot occur without an existing order. However, Congress didn't propose to conduct a new review. What it was doing was reopening the old review to determine whether that proceeding had been tainted by fraud. What would be accomplished in reopening that proceeding? The question would be whether that proceeding may have been tainted by fraud, and therefore Congress needs to reexamine whether the outcome of that proceeding may have been affected by fraud. But how would that possibly have affected the outcome? I guess that's the question. Well, for example, during the course of the Sunset Review period, it turns out that Congress's original finding that there was no dumping from TKS during that period of time was incorrect. Congress, in the new reopened Administrative Review, determined that there was, in fact, a dumping margin from TKS of close to 60%. That affects the way Congress analyzes the potential dumping margin going forward in the Sunset Procedure. But Goss's nonparticipation was also a factor, and that doesn't change, correct? Well, not necessarily. This is an issue that could be explored. That's an issue that could be explored in a reopened Sunset Proceeding, as could be the new dumping margin that was determined by Congress. But the court never allowed Congress to undertake that full analysis. And that's one of the reasons why we believe that that decision that the court made, that that decision was right for judicial analysis, was incorrect. Second, the court asserted that there was no longer a domestic producer of LMPPs, and therefore the order had to be revoked. However, that was an issue that Congress never looked at. That issue was never developed on the record of the Changed Circumstances Review. In fact, that was an issue that Congress was exploring, would have explored, in the Sunset Proceeding that was prematurely terminated by the court's decision. In essence, what the court did here was simply substitute its judgment for that of Congress, and did so in a factual vacuum. And finally, the court determined that the Sunset Review wasn't necessary because TKS was already being punished for its fraud. And it cited the 1916 Act judgment to support that conclusion. First, that judgment may well prove illusory, since the Japanese died as passed a law in Japan allowing TKS to recoup whatever judgment it's had to pay under the 1916 Act. But more importantly, the fact that TKS may have armed loss in a way that's recognized under the 1916 Act is wholly separate and apart from Congress fulfilling its statutory mandate under the Tariff Act of 1930 to determine whether an order needs to be continued in a Sunset Review to offset harm to the US economy and the US market. Thank you, Your Honors. I'll be happy to answer any questions. Thank you, Mr. Shane. Mr. Walters, representing Tokyo Kikai. Thank you, Your Honor. May it please the Court, on behalf of TKS, we will concentrate our time on the issue of whether the Commerce Department had the legal authority to reopen the Sunset Review. We'll rest on our briefs in connection with our cross-review. Now, we heard this morning from counsel for the government, Andrew Goss, that there is inherent authority in this case to reopen the Sunset Review. For what purpose? To determine whether somehow the alleged fraud committed by TKS had some effect on the outcome of the Sunset Review. So, as Judge Post asked, what relationship does that have to the outcome of the Sunset Review? The Sunset Review resulted in revocation of the order because Goss' graphic system withdrew from the Sunset Review. The Commerce Department said withdrawal from the Sunset Review is equivalent to non-participation in the review. The statute and the Commerce regulations require, under those circumstances, that the order be revoked. But what if there was some evidence or some acknowledgment during the conduct of the reopening of the Sunset Review that there was a nexus or relationship between the fraud and the fact that Goss withdrew? Wouldn't that be relevant? Except, Your Honor, the government says that it is not relevant. The government has changed its position at least three times as to why they're conducting this whole proceeding. Can I stop you there then and ask you, doesn't all of that speak to the rightness issue? Doesn't all of that point us in the direction of this issue? Because we're all speculating on whether or not Commerce did or did not have inherent authority based on what hasn't happened yet. Which is we don't have the benefit of figuring out what happened in the Sunset Review. Your Honor, I believe we know at this point from the government's retirement what position the Commerce Department has taken and will take. And that position is that there is no need to show any causal link between the alleged fraud and the outcome of the review. They've taken that position in their brief. They say this morning that they need to conduct the review for that purpose. They have inherent authority to determine whether fraud had an impact on the outcome. And yet they say in their brief it's not necessary to make that determination. And why? Because we have pointed out that there is absolutely no evidence establishing any link between the alleged fraud committed in connection with the sale in 1996 and Goss's withdrawal from the Sunset Review in 2001. On the contrary, the record is filled with evidence that there were other reasons for Goss's withdrawal. But even if you're absolutely right about that, or if you turn out to be absolutely right about that, that in and of itself doesn't make this issue ripe for review, does it? The issue is ripe for review because, Your Honor, we contested the authority of the Commerce Department to initiate this Sunset Review reconsideration. That was the issue from the very beginning of the case. It was an issue which Commerce itself identified in the final results memorandum as an issue to be decided in the changed circumstances review. We litigated it. Both sides argued it. The Commerce Department concluded it had that authority. That's a final decision. It's a final conclusion on an issue of law. Having made that finding. It had the authority to conduct a review that has not yet been conducted, right? Your Honor, the issue of authority, apart from the conduct of the review itself, is a legal issue. We're talking about ripeness, right? Yes, Your Honor. Now, it is ripe because under Section 28 U.S.C. 1581C, the final results of a changed circumstances review are appealable at the time at the conclusion of that review. Counsel for the government says, well, in other cases, the court has found that filing a lawsuit at the initiation of a proceeding, this is not an adequate basis for jurisdiction because at the end of the proceeding, you have a right to repeal. That's what the court found. And you may not need to, depending upon how the proceeding comes out. So jumping the gun preempts letting the proceeding operate to see who comes out where. The issue we've raised in this case, the issue we've raised before the department, is whether the Congress department has the authority under the circumstances of this case to reopen the sunset review. All those issues have been decided. All those issues are appealable under C. But isn't ripeness before the court, the court of international trade, a threshold issue? It is, Your Honor. And it has been decided properly by the court of international trade. Judge Barzilay said this issue did not arise in a vacuum, the issue of authority. It was an issue that was argued, was considered, was analyzed, and was decided. Now, if we were to wait until the conclusion of the sunset review, we'd be back before this court, I suppose, arguing the identical issues. The facts haven't changed. You'd be more than welcome. Well, thank you, Your Honor. But I would submit respectfully that that would be a waste of resources of the agency, the courts, and the parties. Yeah, but that's not enough, is it, under Supreme Court precedent, under the standard oil case, or under the Abbott's lab case? I mean, that in and of itself doesn't get you into court on ripeness. The Abbott Laboratories case and the other cases that have been cited here involve a question of whether or not the decision that is being appealed represents the culmination of the administrative proceeding, whether legal consequences flow from that decision. This decision that the Congress Department has the authority to reopen the sunset review is a legal conclusion from which consequences flow, the consequences being the conduct of another proceeding. But there are two avenues of appeal here, one under 1581C and 19 U.S.C. 1516A. 1516A provides for appeal of a final determination issued under Section 1675, which includes changed circumstances reviews and sunset reviews. The possibility that we could later litigate the issue at the conclusion of the sunset review does not mean that we could not also do so at the end of the changed circumstances review. These provisions are not mutually exclusive. I appreciate that. But can I ask you a question? We're not going to get into your cross appeal. You haven't. We're resting on the briefs. But to a certain extent, the cross appeal is implicated, at least 1675, right, in your argument. Because if we were to conclude that this changed circumstances review, which is the other thing in this case we haven't talked about, was not properly conducted under 1675, either therefore it wasn't proper or it was properly conducted under the inherent authority of the Commerce Department rather than that statute, then the argument you're making to us now on the sunset review goes away, right? We would win under either circumstance, Your Honor. But my question is, you wouldn't still be able to make the argument – would you still be able to make the argument that you've just made, that particular argument, which is that it's reviewable because it was a 1675, whatever, changed circumstances review? Are you understanding my question? I mean, maybe I'm wrong about this. It just struck me that you're arguing we get to review – it's a final decision because it was included in the 1675B review. But in the cross appeal, you've argued that the review wasn't appropriately done under 1675. In the cross appeal, we argue that the Commerce Department had no legal authority to conduct a changed circumstances review because the provision for saying changed circumstances reviews applies only to reviews of determinations in original investigations. So let's assume we were to agree with you on that point. Then you would no longer be able to argue, would you, that this came out of a changed circumstances review. We would be able to argue that the entire proceeding from day one was improperly initiated, and therefore any conclusions reached as a result of that proceeding are contrary to law. But if we were to conclude in the alternative that it wasn't an appropriate procedure under 1675, but the Commerce Department had the inherent authority to pursue it, then that would take away your 1675 argument, would it not? Then we get to the question of what is this inherent authority that the Commerce Department claims to be exercising. And quite frankly, Your Honor, if you look at the entire history of this case, you will see Congress shifting its position. Yes, we're going to determine whether or not TKS is alleged fraud, force Goss to withdraw from the review. No, it's not relevant. We won't consider it. Yes, we will consider it. And the last argument is when we present the factual basis to undercut that entire assumption, forget about it. That's no longer necessary. But isn't your position inconsistent, too, if I understand it? You're arguing that there was no authority to conduct a changed circumstances proceeding that has already taken place. Correct. And yet it is right to review a proceeding that hasn't taken place. Your Honor, the proceeding that we seem to have reviewed is a proceeding that has taken place and is concluded. And that proceeding resulted in a determination by the Department. Sunset Review? Sunset Review? No, Your Honor. Excuse me. It's the Changed Circumstances Review, the final results of which contained a decision by the Department of Commerce, a decision of its legal authority to conduct the Sunset Review. And that's the decision that we're appealing. We're not appealing the outcome of the Sunset Review reconsideration. That hasn't happened. We are appealing, and I submit a right to appeal, not the decision that the Commerce Department made after considering all the arguments in the course of the Changed Circumstances Review, after listing whether it has authority to conduct or reopen the Sunset Review as one of the issues to be decided, and then deciding to reopen. That's a decision. But there are no legal consequences that come from that decision, the decision that they have the authority to reopen the Sunset Review. There are no legal consequences that flow from that until some decision is made either to go forward or not. Well, there is a legal consequence, Your Honor, which is simply that we are compelled, if necessary, to come back to this court and to re-argue an issue that's been decided. Or if Commerce indeed goes forward. But what if they decide not to? If they decide not to, that would be an issue to reach at that time. But under the statute, under 1581C and 15, sorry, 28 USC, and under the provision for review of 1675 determinations, now is the time for the court to review the issue. There are other decisions that are reviewable under 28 USC of 1581C from which legal consequences may not flow. For example, under that provision, an importer can file a lawsuit to contest the issuance of an anti-dumping order in an original investigation. But at that point, the importer does not have to pay any anti-dumping duties and may never have to pay them until another proceeding is conducted by the Commerce Department, an administrator review, from which the Commerce Department concludes that anti-dumping duties should be assessed. But no one has ever argued, and no court has ever held, that the court lacks jurisdiction to consider the issuance of a final determination in an original investigation. And we would submit that the consequences here are very much the same. The Congress has selected a method of judicial review. Congress can determine when an agency decision should be reviewed. It has made that determination here. At the conclusion of the changed circumstances review, the Commerce Department decision is subject to judicial review under 1581C. At the conclusion of a sunset review, another decision is reviewable. But the remedies are not exclusive. And Congress has chosen this particular route for judicial review, which we would submit is binding upon the court. Judge Barzilay issued a proper decision saying that there's nothing unusual about this particular decision. It's like any other decision in an administrator proceeding. The issues are presented. The parties argue both sides. The department makes its decision. Now it's up to the court to decide whether or not that decision was correct. And we would submit on the merits that the decision is completely incorrect because despite the Commerce Department's statement that they want to go back and reopen everything as if there never was a revocation in the first place, as if Goss had not withdrawn from the review initially, they can't change history. They can't go back to the future and decide whether revocation of an order that was revoked four or five years ago would now result in a resumption of dumping and then subsequently injury. They cannot change the facts. The facts are Goss graphic systems was true from the sunset review. Why? Because questions were raised as to whether or not it was still a domestic producer. Those questions were raised in the case involving LNPPs from Germany. Mr. Walters, I'm afraid we're going to have to sunset your argument. Thank you, Your Honor. Ms. Lucy Mensah, have I pronounced your name accurately? Yes. You have a couple of minutes left. Okay, thank you. Two brief comments on rebuttal. With respect to the question of what will happen in the sunset review, the government's position is and has always been that because Commerce does not investigate fraud, the thing that Commerce seeks to do in the sunset review proceeding is to reopen it and reconsider it again. To the extent that TKS is relying on statements that were made in the preliminary determination on the changed circumstances review, that is not relevant. The second question is that whether or not there was a nexus between the alleged fraud and the initial termination of the sunset review does not change whether Commerce had the inherent authority to reopen and reconsider the sunset review determination. Rather, that goes to the manner in which Commerce is exercising that inherent authority, a question which is properly reviewed upon the conclusion of the sunset review proceeding. Similarly, TKS refers to the fact that Commerce stated that it was going to reopen the sunset review proceeding in a final determination. However, the purpose of the changed circumstances review was not to consider this authority question. The purpose of the changed circumstances review, as a review of the record will reveal, was to reconsider the administrative review in which it had been revealed that TKS had offered a secret rebate. Therefore, the statements that Commerce made in the final determination regarding its intent, its mere intent to reopen the sunset review proceeding, does not constitute a final determination that is ripe for judicial review. Thank you. Thank you. The case will be taken under advisement.